**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 10 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

PHILIP WASHBURN, M.D.,

        Plaintiff-Appellant,

v.

UNITED STATES DEPARTMENT
OF JUSTICE; UNITED STATES
DRUG ENFORCEMENT
ADMINISTRATION; DIVISION OF
OCCUPATIONAL AND
PROFESSIONAL LICENSING,
hereinafter known as D.O.P.L.;
J. CRAIG JACKSON, Director
D.O.P.L.; DAVID BANCROFT,
agent, D.O.P.L.; UTAH COUNTY
ATTORNEYS OFFICE; CRAIG R.
MADSEN, Criminal Division Chief;
UTAH COUNTY; THE CITY OF
PROVO, Utah; UTAH COUNTY
NARCOTICS ENFORCEMENT
TEAM, N.E.T.; RUSSELL
BILLINGS, Officer; D. JENSEN,
Officer, Utah County N.E.T.;
JERRY L. HARPER, Officer, Utah
County N.E.T.; LEE FOX, Officer,
Utah County N.E.T.; PATTY
JOHNSON, Officer, Utah County
N.E.T.; UTAH DEPARTMENT OF
COMMERCE, Division of
Occupational and Professional
Licensing; W. DON ROGERS;
GREGG WILLIAMS, DEA; SCOTT
MEADOWS, DEA; MICHAEL A.
DEMARTE, DEA; DONALD W.

No. 03-4058
(D.C. No. 2:01-CV-268-PGC)
(D. Utah)

MENDRALA, DEA; ROBERT
JOHNSON, DEA; UTAH
ATTORNEY GENERALS OFFICE;
R. PAUL ALLRED, Assistant
Attorney General,

      Defendants-Appellees.

---

**ORDER AND JUDGMENT** [*]

---

Before **EBEL** , **HENRY** , and **MURPHY** , Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

Plaintiff Philip Washburn, M.D., proceeding pro se, appeals from an order

of the district court dismissing some of his claims against various defendants and

granting summary judgment to defendants on the remaining claims.  We affirm. [1]

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]     Although we recognize that appellant is proceeding pro se, he failed to attach copies of the magistrate judge's report and recommendation and the district court's final orders as required by  10th Cir. R.  28.2(A)(1).  We admonish

Dr. Washburn was investigated by the state licensing board as well as the state narcotics taskforce regarding his prescription practices. The investigations revealed that he had been overprescribing controlled substances and was not following proper medical guidelines. As a result, Dr. Washburn signed a stipulation in which he voluntarily surrendered his controlled substances license and agreed that he would not reapply for another one. In the process, Dr. Washburn stated that he was signing the stipulation voluntarily and that the stipulation, once approved, would be the final settlement of the matter.

Upon receipt of that agreement, the federal Drug Enforcement Agency (DEA) informed Dr. Washburn that his DEA Certificate of Registration was subject to revocation. Dr. Washburn agreed to voluntarily surrender his registration. Later, the Utah County Attorney's Office decided not to criminally prosecute Dr. Washburn.

Approximately three years later, Dr. Washburn filed this action in federal district court in which he alleged his rights under the Fourth, Fifth, Seventh, and Fourteenth Amendments had been violated. He alleged defendants had made false and defamatory statements about him, permitted "unpriviledged" publication to third parties, harmed his reputation in the community, and exposed him to

---

appellees' counsel for not complying with Rule 28.2(B) which requires that the appellees' brief include these rulings if the appellant fails to include them in his brief.

contempt and ridicule. Dr. Washburn alleged he had lost his ability to practice medicine, lost the respect of the community and the medical profession, and had lost his ability to earn a living. He sought over 90 million dollars in damages and reinstatement of his controlled substance license, as well as a public explanation and apology.

Adopting the magistrate judge's report and recommendation, the district court dismissed Dr. Washburn's claims (1) under 42 U.S.C. §§ 1985(3) and 1986 for lack of jurisdiction; (2) against the Utah County Narcotics Enforcement Team and the county attorneys as not proper defendants before the court; (3) against the Department of Justice and the DEA as improper defendants in *Bivens*[2] actions; and (4) against the DEA individual defendants as barred by the statute of limitations. The court granted summary judgment in favor of (1) the Provo City and Utah County defendants as those claims were barred by the statute of limitations; (2) the Utah state defendants as the state, its agencies, and the individual state defendants in their official capacities were improper defendants in a 42 U.S.C. § 1983 action; and (3) the state defendants in their individual capacities as protected by qualified immunity. The court noted that the remaining defendants had not been served and were not parties to the action.

---

[2] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

On appeal, Dr. Washburn argues that the magistrate judge did not have authority to rule on dispositive motions as he did not agree to have the magistrate judge manage his case. He contends that only a jury can determine whether constitutional violations occurred and whether the defense of immunity applies. He contests the district court's order dismissing some of his claims for lack of jurisdiction, noting, for the first time, that he is a Native American. Dr. Washburn argues that the district court erred in granting the county's motion to dismiss because the county can sue and be sued. He contends that he did not file this case as a *Bivens* action, but as a breach of contract action and therefore, it was timely. Dr. Washburn argues that evidence was illegally seized to be used against him in a criminal prosecution, thus violating his right against self-incrimination.

"We review the district court's ruling as to defendant's motion to dismiss de novo." *Steele v. United States*, 19 F.3d 531, 532 (10th Cir. 1994). "We review a grant of summary judgment de novo and apply the same legal standard used by the district court under Fed. R. Civ. P. 56(c)." *Timmons v. White*, 314 F.3d 1229, 1232 (10th Cir. 2003). Our review is limited to those issues to which Dr. Washburn objected in his response to the magistrate judge's report and recommendation. *See Powell v. Ray*, 301 F.3d 1200, 1202 n.3 (10th Cir. 2002), *cert. denied*, 538 U.S. 927 (2003).

Upon review of the record and the parties' briefs, we AFFIRM the judgment of the district court for substantially the reasons stated in the magistrate judge's report and recommendation of February 5, 2003, as adopted by the district court in its orders of February 24, 2003 and March 3, 2003. The mandate shall issue forthwith.

Entered for the Court

Michael R. Murphy
Circuit Judge