**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 23 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARVIN SEEGARS,

        Plaintiff-Appellant,

v.

RON J. WARD,

        Defendant-Appellee.

No. 04-6335

(W.D. Oklahoma)

(D.C. No. 03-CV-1694-H)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## I. BACKGROUND

Mr. Seegars is an Oklahoma state prisoner proceeding pro se. In 1980, Mr. Seegars was convicted of first degree murder and assault and battery with a deadly weapon with intent to kill, and is serving a life sentence and a twenty-year sentence respectively for each conviction.

The Oklahoma Pardon and Parole Board did not recommend parole for Mr. Seegars in 1996, 1997, or 1998. The Pardon and Parole Board informed Mr. Seegars that, pursuant to the amended state statute and according to Oklahoma Pardon and Parole Board policy, he would not be reconsidered for parole until three years passed. The Pardon and Parole Board did not recommend parole in 2001 and set the next parole hearing for July 2004.

In a previous action, Mr. Seegars filed a complaint pursuant to 42 U.S.C. § 1983 seeking declaratory and prospective injunctive relief. In his previous complaint, Mr. Seegars alleged that title 57, section 332.7(F) of the Oklahoma Statutes violated the Ex Post Facto Clause of the United States Constitution. *See* OKLA. STAT. 57, § 332.7(F) (Supp. 1999). The magistrate judge recommended dismissal without prejudice based on Mr. Seegars' failure to exhaust his administrative remedies with the Oklahoma Department of Corrections. The district court adopted that recommendation, and we affirmed the judgment of the

district court in an unpublished order and judgment. *See Seegars v. Ward*, No. 03-6032, 2003 WL 21197126 (10th Cir. May 22, 2003).

In the present action, Mr. Seegars again challenges subsection § 332.7(F) (Supp. 1999) on the same grounds, contends he has exhausted his administrative remedies, and seeks the same relief. The district court dismissed his complaint and denied Mr. Seegars' motion to amend his complaint. For the reasons stated below, we AFFIRM the district court's dismissal of Mr. Seegars' complaint.

## II. DISCUSSION

The amended statute was passed as part of the Truth in Sentencing Act, which originally included matrices of sentencing ranges for various crimes. Although the Oklahoma legislature soon repealed the sentencing matrices, the matrices are still used in calculating parole eligibility dates. *See* OKLA. STAT. tit. 57, § 332.7(A)(3) (Supp. 2004).

As originally enacted, subsection A of the statute set forth formulas for calculating the dates of parole eligibility for inmates like Mr. Seegars who were serving sentences for crimes committed before July 1, 1998. Subsection (B)(2) directed the Department of Corrections and the Pardon and Parole Board to promulgate rules for the implementation of subsection A. Specifically, the rules are to include "procedures for reconsideration of persons denied parole under this

section and procedure[s] for determining *what sentence the person would have received under the applicable matrix*." OKLA. STAT. tit. 57, § 332.7(B)(2) (Supp. 1997) (emphasis added).

The statute was amended again in 1999, and the language at issue directing the Department of Corrections and the Pardon and Parole Board to promulgate rules in subsection (B)(2) became subsection (F).[1]

Mr. Seegars' claim is this: under subsection (B)(2) he had a right to have his life sentence modified to a determinable number of years. The Department never promulgated the required rules under the 1997 law and as such, argues Mr. Seegars, unlawfully subjected him to a harsher result.

The magistrate judge determined that Mr. Seegars' claim "is based on his misinterpretation of Oklahoma law." Rec. doc. 19, at 5 (Magistrate Judge's Report and Recommendation, filed July 23, 2004). The magistrate judge recommended dismissal for failure to state a claim upon which relief could be granted. The district court adopted the magistrate judge's report and recommendation and dismissed Mr. Seegars' complaint with prejudice.

---

[1] The rules shall include, but not be limited to, procedures for reconsideration of persons denied parole under this section and procedure[s] *for determining what sentence a person eligible for parole consideration pursuant to subsection A of this section would have received* under the applicable matrix.

OKLA. STAT. tit. 57, § 332.7(F) (Supp. 1999) (emphasis added).

The United States Constitution prohibits the States from passing any "ex post facto Law." U.S. CONST. ART. I, § 10, ¶ 1. This Clause is aimed at laws that retroactively alter the definition of crimes or increase the punishment for criminal acts. Two critical elements must be present for a law to fall within the ex post facto prohibition: first, the law must be retrospective, that is, it must apply to events occurring before its enactment; and second, it must disadvantage the offender affected by it.

*Henderson v. Scott,* 260 F.3d 1213, 1215 (10th Cir. 2001) (other internal quotation marks and citations omitted).

In *Henderson*, we determined that § 332.7(D)(1), which extended from one year to three years the period of time that may elapse for parole eligibility determinations did not violate the Ex Post Facto Clause. We concluded that "[w]hen viewed within the whole context of Oklahoma's parole regulations, the statute at issue in this case does not facially increase the likelihood of punishment." *Id.* at 1216.

The same is true in this action. "The statute changed the formula for calculating the date of an inmate's eligibility for parole consideration." Rec. doc. 19, at 5 (Magistrate Judge's Report and Recommendation, filed July 23, 2004). Although the statute's language is a bit confusing, title 57, sections 332.7(B(2) and 332.7(F) of the Oklahoma Statutes focus exclusively on the calculation of parole eligibility dates and thus could not have altered the definition of criminal conduct nor increased punishment for a crime. *See* OKLA. STAT. tit. 57, § 332.7(B)(2) (Supp. 1997); *id.* § 332.7(F) (Supp. 1999). Absent such a showing,

"the statute does not violate the Ex Post Facto Clause, and [Mr. Seegars'] claim must fail." *Henderson*, 260 F.3d at 1217.

### III. CONCLUSION

Accordingly, we AFFIRM the district court's dismissal for failure to state a claim upon which relief can be granted. We DENY Mr. Seegars' motion for appointment of counsel and we AFFIRM the district court's denial of Mr. Seegars' belated motion to amend his complaint.

Entered for the Court,


Robert H. Henry
Circuit Judge