**Larry Charles CLONCE, Petitioner-Appellant,**

**v.**

**Rex PRESLEY, U. S. Marshal, and the State of Oklahoma, Respondents-Appellees.**

**No. 79–2049.**

United States Court of Appeals, Tenth Circuit.

Submitted Sept. 25, 1980.

Decided Feb. 6, 1981.

Larry Charles Clonce, pro se.

Jan Eric Cartwright, Atty. Gen., Oklahoma City, Okl., for appellee.

Before BARRETT, McKAY and LOGAN, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

Larry Charles Clonce appeals the dismissal of a petition for habeas corpus relief under 28 U.S.C. § 2254. While on mandatory release and subject to federal parole for bank burglary and voluntary manslaughter, petitioner was convicted in an Oklahoma state court of grand larceny and sentenced to serve a term of ten years. Shortly thereafter, a federal warrant issued, *see* 18 U.S.C. §§ 4164, 4209, 4213, based on petitioner's violation of the conditions of his parole evidenced by the state conviction. Two years later petitioner was paroled by Oklahoma and was immediately transferred to federal custody under the authority of the federal warrant.

In his *pro se* habeas corpus petition, Clonce challenged the constitutionality of his Oklahoma conviction and his consequent incarceration for violation of his federal parole. The district court dismissed the petition on the ground that petitioner was not in custody pursuant to the judgment of a state court as required by 28 U.S.C. § 2254. After the dismissal, Clonce filed a motion contesting the authority of the warrant issued by the federal government. The district court viewed this action as a motion for reconsideration, granted that motion, but refused to disturb its order of dismissal. We disagree with the court's finding that petitioner was not in state

custody within the meaning of § 2254, but affirm the district court's dismissal on other grounds.

As a result of the state conviction, Clonce is held in dual custody: (1) he is in the custody of Oklahoma as a parolee, and (2) he is in federal custody as a result of his violation of federal parole.[1]

■ Parole is custody for purposes of federal habeas corpus jurisdiction. *Jones v. Cunningham,* 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963). *Cf. Hensley v. Municipal Court,* 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973) (less restrictive restraints imposed on person released on own recognizance following conviction are custody within the meaning of 28 U.S.C. § 2254). In *Jones* the Supreme Court held that a state prisoner at large on parole is in custody as required for jurisdiction under 28 U.S.C. § 2241, noting that a parolee is restrained by the terms of the parole. In the instant case, Clonce's state parole is subject to all the rules ordinarily imposed by the parole board of the state. That additional restraints have been imposed on Clonce by virtue of the revocation of his federal release does not remove him from the parole custody of Oklahoma or from the ambit of the rule in *Jones.* Thus, petitioner meets the custody requirement of § 2254.

■ The application for a writ of habeas corpus cannot be granted, however, if petitioner has not exhausted state remedies available to raise the questions he presents. 28 U.S.C. § 2254(b), (c);[2] *Bond v. Oklahoma,* 546 F.2d 1369, 1377 (10th Cir. 1976). The burden of showing exhaustion rests on the petitioner in federal habeas corpus actions. *Id.* Clonce admits that he has not

appealed the issues presented in his petition to the highest state court of Oklahoma, nor has he raised the claims in the available Oklahoma post-conviction proceedings. *See* 22 Okla.Stat.Ann. §§ 1080–88 (West.Supp. 1980). He appears to contend that the failure of the Oklahoma Court of Criminal Appeals to reopen consideration of his case on his motion somehow relieves him of the exhaustion requirement. We find no legal basis for such a contention. We will not excuse a failure to exhaust state remedies unless it is affirmatively shown that resort to them would be useless. *Lewis v. New Mexico,* 423 F.2d 1048 (10th Cir. 1970). Because petitioner has not shown that he has exhausted the remedies available in the Oklahoma courts or that resort to the state courts would be futile, we affirm the dismissal of his petition.

■ Clonce also challenged the authority of the federal government to reincarcerate him pursuant to a warrant for a violation of provisions of his mandatory release. Assuming such claims are cognizable under a federal habeas corpus petition, *see Moody v. Daggett,* 429 U.S. 78, 90, 93, 97 S.Ct. 274, 28, 281, 50 L.Ed.2d 236 (1976) (Stevens, J., dissenting); *Morrissey v. Brewer,* 408 U.S. 471, 481–83, 92 S.Ct. 2593, 2600–01, 33 L.Ed.2d 484 (1972), petitioner must exhaust available administrative remedies before his challenge can be heard in federal court. *See* 28 C.F.R. §§ 2.25, 2.26 (1979); *Guida v. Nelson,* 603 F.2d 261 (2d Cir. 1979); *United States ex rel. Sanders v. Arnold,* 535 F.2d 848 (3d Cir. 1976).

Thus, petitioner must exhaust the respective state and administrative remedies be-

---

1. While Oklahoma apparently has not filed a detainer with the federal authorities, as an Oklahoma parolee, Clonce will be subject to the authority of the Oklahoma State Pardon and Parole Board when he is released from federal custody.

2. 28 U.S.C. § 2254 provides:

    (b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies availa-

ble in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

    (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

fore challenging his state or federal custody by habeas corpus.

AFFIRMED.