21 F.3d 1121
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Charles FISHER, Petitioner-Appellant,
v.
Dan REYNOLDS; Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 93-6425.
 United States Court of Appeals, Tenth Circuit.
 March 29, 1994.
 
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Charles Fisher, a state inmate and pro se litigant, appeals the district court's dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. This matter is before the court on petitioner's application for a certificate of probable cause. To be entitled to the requested relief, petitioner must advance a rational argument on the law and facts demonstrating that the issue asserted on this appeal deserves further proceedings. See Barefoot v. Estelle, 463 U.S. 880 (1983); Coppedge v. United States, 369 U.S. 438 (1962). We affirm.
 
 
 3
 Following a jury trial, Mr. Fisher was convicted of three counts of arson. At trial, Mr. Fisher raised an insanity defense. He now requests a new trial to present evidence of his innocence independent of the insanity defense.
 
 
 4
 The magistrate judge recommended the petition be dismissed upon filing. His recommendation was based on Fisher's failure to allege a violation of his constitutional rights. The district court adopted the magistrate's report and recommendation in its entirety.
 
 
 5
 We will not review a state prisoner's writ of habeas corpus unless the petitioner has exhausted all state remedies. Clonce v. Presley, 640 F.2d 271, 273 (10th Cir.1981). Whether Mr. Fisher has exhausted Oklahoma's remedies is unclear.
 
 
 6
 Even assuming state remedies have been exhausted, the petition fails. A writ of habeas corpus is available to state prisoners only if the petitioner alleges denial of federal constitutional rights. Tapia v. Tansy, 926 F.2d 1554, 1556 (10th Cir.) cert. denied, 112 S.Ct. 115 (1991). Mr. Fisher did not raise a constitutional issue in the state or federal courts. Mr. Fisher bases his petition on alleged trial error and a desire to present new evidence. Claims of state trial error "do not present federal questions cognizable in a federal habeas corpus suit." Brinlee v. Crisp, 608 F.2d 839, 843 (10th Cir.1979), cert. denied, 444 U.S. 1047 (1980). Thus, even construing the pleadings liberally, Mr. Fisher did not raise a constitutional issue on which to base a writ of habeas corpus.
 
 
 7
 The district court dismissed Mr. Fisher's petition because he failed to object to the magistrate's recommendation within ten days. The magistrate judge must inform pro se litigants of the time period for filing objections to their findings and recommendations and the consequences of a failure to object. Moore v. United States, 950 F.2d 656, 659 (10th Cir.1991). In this case, the magistrate judge informed Mr. Fisher the failure to object by November 2, 1993 would result in a waiver of the right to appellate review. Therefore, the district court properly dismissed Mr. Fisher's petition.
 
 
 8
 Accordingly, we AFFIRM.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470