**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 9 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

ANDREW JUAN ANTHONY,

      Petitioner - Appellant,

vs.

MICHAEL NELSON, Warden; EL
DORADO CORRECTIONAL
FACILITY; ATTORNEY GENERAL OF
KANSAS, Carla Stovall,

      Respondents - Appellees.

No. 97-3211
(D.C. No. 97-3234 DES)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **EBEL**, and **KELLY**, Circuit Judges.[**]

---

Petitioner-appellant, Andrew Juan Anthony, an inmate appearing pro se, appeals

from the district court's denial of his habeas petition, 28 U.S.C. § 2254, without prejudice

for failure to exhaust state remedies. The district court denied Mr. Anthony's motions for

leave to proceed on appeal in forma pauperis and for a certificate of probable cause. Our

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has
determined unanimously that oral argument would not be of material assistance in the
determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is
therefore ordered submitted without oral argument.

jurisdiction arises under 28 U.S.C. § 2253.  We affirm.

Mr. Anthony was convicted of premeditated first-degree murder, aggravated robbery, sale of cocaine within 1,000 feet of a school and unlawful possession of a firearm.  The petitioner has the burden to allege and prove that all state remedies for the federal claims contained in his habeas petition have been exhausted.  See 28 U.S.C. § 2254(b)(1);[1] Rose v. Lundy, 455 U.S. 509, 522 (1982); Darr v. Burford, 339 U.S. 200, 218-19 (1950), overruled on other grounds, Fay v. Noia, 372 U.S. 391, 435-38 (1963); Miranda v. Cooper, 967 F.2d 392, 398 (10th Cir.), cert. denied, 506 U.S. 924 (1992).  In his petition, Mr. Anthony contends that he has exhausted "all adequate and currently available state remedies."  R. doc. 1 at 2.  He then lists five issues based upon his direct appeal, see State v. Anthony, 898 P.2d 1109 (Kan. 1995), and fifteen issues presented in his state habeas petition pursuant to Kan. Stat. Ann. § 60-1507 (1994), see id. at 2-3.  He alleges that his state habeas petition was denied on April 24, 1997.  No copy of the state habeas petition or its denial is contained in the record.

The district court dismissed the petition summarily because the petitioner did not indicate whether the denial of the state habeas petition had been appealed and the current status of any appeal.  See  I R. doc. 2.  It is unclear what federal claims were brought before the Kansas courts and concerns of comity and federalism make exhaustion

---

[1]     28 U.S.C. § 2254(b)(2) now provides that an unexhausted claim may be denied on the merits.

important.  See Demarest v. Price, No. 95-1535, 1997 WL 746288, * 8-9 (10th Cir. Dec. 3, 1997).  In resolving post-judgment motions, the district court noted that Mr. Anthony still had not addressed its concerns.  See R. doc. 12 at 2.  Given the numerous issues raised by Mr. Anthony, an answer by the state would be helpful in definitively resolving the exhaustion issue.  The burden is on petitioner, however, and we agree with the district court that Mr. Anthony has not satisfied it.  This is not a case where a petitioner has alleged facts suggesting that the exhaustion requirement should be excused.  See Clonce v. Presley, 640 F.2d 271, 273 (10th Cir. 1981) (per curiam).

We GRANT Mr. Anthony leave to proceed on appeal in forma pauperis, DENY his Application for a Certificate of Appealability, 28 U.S.C. § 2253(c)(2) and his Motion for Appointment of Counsel, and DISMISS the appeal.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge


-3-