**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 21, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT FLOYD CRANK,

      Petitioner - Appellant,

v.

TERRY JENKS, Executive Director
Pardon & Parole Board, Department of
Corrections, State of Oklahoma,

      Respondent - Appellee.

No. 07-7000
(D.C. No. CIV-05-387-S)
(E.D. Okla.)

**ORDER DENYING A CERTIFICATE**
**OF APPEALABILITY**

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Robert F. Crank, a state prisoner proceeding pro se, requests a certificate of appealability ("COA") to appeal the district court's dismissal of his § 2241 habeas petition. For substantially the same reasons set forth by the district court, we **DENY** a COA and **DISMISS**.

Crank is serving a 35-year sentence for Attempted Robbery with Firearms and Shooting with Intent to Kill. Upon entering prison in 1995, Crank was scheduled for an initial parole hearing in December 2001. In 1998, following passage of a new state law amending parole eligibility, see Okla. Stat. tit. 57, § 332.7, Crank's initial parole hearing was rescheduled for May 2006. Arguing that

the retroactive application of this statute violates the Ex Post Facto Clause of the Constitution, Crank filed a 28 U.S.C. § 2241 habeas petition on September 19, 2005. The district court dismissed Cranks petition, finding that he had failed to exhaust his state remedies, and did not grant a COA. Crank now seeks a COA from this court.[1]

"A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000) (citing Coleman v. Thompson, 501 U.S. 722, 731 (1991). Crank could have filed a habeas petition in state court pursuant to Okla. Stat. tit. 12, § 1331, but failed to do so. He asserts that a state habeas petition would be futile, but makes only conclusory allegations of general bias. "We will not excuse a failure to exhaust state remedies unless it is affirmatively shown that resort to them would be useless." Clonce v. Presley, 640 F.2d 271, 273 (10th Cir. 1981). Crank has not made an affirmative showing that a state habeas petition would be futile.

---

[1] AEDPA conditions a state petitioner's right to appeal a denial of habeas relief upon a grant of a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires Crank to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). Because the district court did not rule on whether to grant a COA, we assume it was denied. 10th Cir. R. 22.1(C). Accordingly, Crank may not appeal the district court's decision absent a grant of a COA by this court.

For the reasons set forth above, Crank's request for a COA is **DENIED**, and his appeal is **DISMISSED**. All pending motions are **DENIED**.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge