FILED
United States Court of Appeals
Tenth Circuit

February 1, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENT CIRCUIT

KENNETH WELLINGTON,

      Petitioner-Appellant,

v.

MICHAEL B. MUKASEY[*]; HARLEY
G. LAPPIN, Director, Federal Bureau
of Prisons; DUKE TERRELL,
Warden, U.S. Penitentiary,
Leavenworth,

      Respondents-Appellees.

No. 07-3052
(D.C. No. 04-CV-3234-RDR)
(D. Kan.)

ORDER AND JUDGMENT[**]

Before **HENRY**, Chief Judge, **TYMKOVICH** and **HOLMES**, Circuit Judges.

    Petitioner-Appellant Kenneth Wellington, appearing pro se, appeals the

district court's dismissal of his petition for writ of habeas corpus brought

pursuant to 28 U.S.C. § 2241. He challenges the recalculation without a hearing

---

    [*]    Pursuant to Fed. R. App. P. 43(c)(2), we substitute the current
Attorney General, Michael B. Mukasey, as lead party respondent in this case.

    [**]    This Order and Judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1. After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

of his sentence by the Bureau of Prisons (BOP), arguing it violates his due process rights. We have jurisdiction under 28 U.S.C. § 1291. Reviewing Mr. Wellington's filings liberally,[1] we conclude that he has not exhausted his administrative remedies. Accordingly, we **AFFIRM**.

## I. BACKGROUND

After being released on parole for a burglary conviction from the District of Columbia, Mr. Wellington was arrested for committing a subsequent felony in the District of Columbia. He was convicted of the subsequent felony and now is in federal custody. Mr. Wellington claims that his sentence on his subsequent conviction was set to run concurrently with the remainder of his burglary sentence. However, Mr. Wellington alleges that after he served the remainder of his burglary sentence, the BOP – without holding a hearing – recalculated his sentence and set the sentence for his new conviction to run consecutively rather than concurrently with his burglary sentence.

In his petition for writ of habeas corpus, Mr. Wellington raised one claim: the alleged violation of his due process rights arising from the recalculation of his sentence without a preliminary or revocation hearing. The district court issued an order to show cause why the petition should not be dismissed for failure to

---

[1] Because Mr. Wellington is proceeding pro se, we review his pleadings and filing liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Howard v. U. S. Bureau of Prisons*, 487 F.3d 808, 815 (10th Cir. 2007).

2

exhaust administrative remedies. After reviewing Mr. Wellington's submission demonstrating that he had filed grievances, the district court issued an order for the government to show cause why the petition should not be granted.

Considering the round of briefing submitted by the parties, the district court dismissed Mr. Wellington's petition without prejudice for failure to exhaust administrative remedies. This dismissal was based on the content of Mr. Wellington's grievances: The district court found that they never addressed Mr. Wellington's sole contention in his habeas petition – specifically, that his sentence could not be recalculated without a hearing.

Mr. Wellington then filed a motion for reconsideration, which the district court denied. In doing so, the district court noted that Mr. Wellington "has not challenged the court's conclusion that the claim alleging the failure to conduct a preliminary or revocation hearing was not presented in the grievances." R., Doc. 39, at 4 (Order, dated Mar. 1, 2007). Mr. Wellington now appeals the district court's dismissal of his petition.

## II. DISCUSSION

We review the dismissal of Mr. Wellington's § 2241 petition de novo. *Broomes v. Ashcroft*, 358 F.3d 1251, 1255 (10th Cir. 2004). As a threshold matter, we must address the issue of exhaustion of remedies. *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). A prisoner must exhaust all administrative remedies on his asserted habeas claims. *See Williams v. O'Brien*, 792 F.2d 986,

3

987 (10th Cir. 1986) (per curiam) (in a § 2241 action where petitioner "challenged the computation of his release date," noting that "judicial intervention is usually deferred until administrative remedies have been exhausted"); *Clonce v. Presley*, 640 F.2d 271, 273-74 (10th Cir. 1981) (per curiam) ("[P]etitioner must exhaust the respective state and administrative remedies before challenging his state or federal custody by habeas corpus."); *see also Dulworth v. Evans*, 442 F.3d 1265, 1269 (10th Cir. 2006) (noting "the general requirement that a petitioner under § 2241 must exhaust available state remedies" and that extends to "*administrative* remedies as well").

Mr. Wellington challenges only the recalculation of his sentence without a hearing. Although Mr. Wellington claims that he exhausted administrative remedies as to this issue, a careful review of the record reveals that in seeking his administrative remedy, Mr. Wellington only challenged the actual calculation of his sentence and never raised any claim regarding a due process violation arising from the failure to conduct a hearing. Because Mr. Wellington did not actually raise in his grievances the claim that is now before us, Mr. Wellington has failed to exhaust his administrative remedies.[2]

---

[2] In one of the grievances at issue (No. 252600), Mr. Wellington did allege that the recalculation of his sentence was illegal "under do [sic] process." Aplt. Op. Br., Attach. at 1. Mr. Wellington, however, made no attempt to explain the basis for his due process contention. In particular, he did not make any assertions that conceivably could be construed as suggesting that the failure to

(continued...)

On appeal, Mr. Wellington suggests that if this court believes that he did not adequately exhaust his remedies as to his due process claim, his actual sentence should be reviewed because it was not properly calculated. However, this is not an issue that Mr. Wellington properly raised below. Absent extraordinary circumstances, we will not consider an issue on appeal that was not properly raised in the district court. *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 721-22 (10th Cir. 1993).

Mr. Wellington did make a vague request of similar import to the district court, but he did so too late and the district court did not rule on it. After the government had indicated that Mr. Wellington's grievances did not raise the due process hearing claim, Mr. Wellington stated in his second response brief related to the government's filings: "I would like to ask this Honorable Court may we address the issue at hand. . . . I ask this Honorable Court to please grant my motion to return my P.E. date back to 2007." R., Doc. 21, at 2 (Petitioner's Response to Respondent's Reply, filed Nov. 24, 2004).

However, even as a pro se litigant, Mr. Wellington was required to comply

---

[2](...continued)
conduct a hearing in recalculating his sentence was illegal. Furthermore, as the district court suggested, it is quite telling that Mr. Wellington did not object in his motion for reconsideration to the district court's clear finding that Mr. Wellington's grievances did not contain the due process hearing contention that he presented in his § 2241 petition. Accordingly, even construing his filings liberally, we are convinced that Mr. Wellington has failed to clear the exhaustion hurdle.

5

with the fundamental requirements of the rules of procedure. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). Here, Mr. Wellington made this suggestion of a merits review only very late in the day, in a second response brief. This brief did not effect an amendment to Mr. Wellington's petition. And the district court was under no obligation to consider his belated, vague suggestion of a merits review.

In sum, because Mr. Wellington did not exhaust his administrative remedies, the district court's dismissal order is **AFFIRMED**.

ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge