**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 6, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOSEPH M. JACKSON,

     Plaintiff-Appellant,

v.

JANE STANDIFIRD, Warden; TERRY
JENKS, Exec. Dir.; J.D. DANIELS, Dep.
Dir.; J. DOE, Admin. Off.; RICHARD L.
DUGGER, Chairman; LYNNELL
HARKIN, Vice Chairman; JAMES
BROWN, SR.; CLINTON JOHNSON;
SUSAN B. LOVING,

     Defendants-Appellees.

No. 11-5126
(D.C. No. 4:11-CV-00163-JHP-PJC)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **EBEL**, and **GORSUCH**, Circuit Judges.

Joseph Jackson, an Oklahoma state prisoner proceeding pro se, appeals the district

court's dismissal of his claims asserted under 42 U.S.C. § 1983 against various members

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of the Oklahoma Pardon and Parole Board ("PPB"). We have jurisdiction under 28 U.S.C. § 1291, and we AFFIRM.

## I. BACKGROUND

Jackson received a life sentence in 1984, after his 1983 conviction, in Oklahoma state court, for first-degree murder. Under Oklahoma statute, and as relevant to the facts of this case, a person convicted prior to July 1, 1998, becomes eligible for parole consideration after serving one third of his sentence. Okla. Stat. Ann. tit. 57, § 332.7(A)(1). Per the policy of the PPB, a life sentence is treated as forty-five years for purposes of determining the one-third mark. See Anderson v. State, 130 P.3d 273, 282 (Okla. Crim. App. 2006). After being denied parole, a person shall not be reconsidered within three years. Okla. Stat. Ann. tit. 57, § 332.7(D)(1). In 1999, fifteen years after he began serving his life sentence, Jackson had his initial parole consideration hearing and was denied. The PPB again denied Jackson parole in 2002, 2005, and 2008.

On March 17, 2011, Jackson filed a pro se civil rights complaint under 42 U.S.C. § 1983 against the warden of his facility and the members of the PPB. He alleged a liberty interest in specialized parole or release, and challenged on ex post facto grounds a provision of Oklahoma's 1997 Truth in Sentencing Act, which increased the length of time between parole consideration hearings for those convicted of violent crimes from every twelve months to every three years. Screening the case as required by 28 U.S.C. § 1915A, the district court found both claims untimely, and, in the alternative, held that the complaint failed to state a claim upon which relief could be granted. The court

2

dismissed the claims with prejudice, but granted Jackson's motion to appeal in forma pauperis. We agree with the district court that Jackson's claims are time-barred, and we do not reach the question of whether his complaint fails to state a claim upon which relief can be granted.

## II. DISCUSSION

We review de novo the district court's dismissal for failure to state a claim under 28 U.S.C. § 1915A. See McBride v. Deer, 240 F.3d 1287, 1289 (10th Cir. 2001) (citing Sanders v. Sheahan, 198 F.3d 626, 626 (7th Cir. 1999)). Dismissal of a claim as time-barred is treated as a dismissal for failure to state a claim. See Yoder v. Honeywell, 104 F.3d 1215, 1224 (10th Cir. 1997) (applying de novo review to district court's dismissal, on the grounds that claim was time-barred, for failure to state a claim).

The statute of limitations on a Section 1983 claim is determined by reference to the statute of limitations for personal injury actions in the forum state. Wilson v. Garcia, 471 U.S. 261, 269, 276 (1984). The statute of limitations on Section 1983 claims in Oklahoma is two years. Meade v. Grubbs, 841 F.2d 1512, 1524 (10th Cir. 1988); see also 12 Okla. Stat. Ann. § 95(A)(3) (two-year limitation period on actions "for injury to the rights of another, not arising on contract, and not hereinafter enumerated"). However, when a federal cause of action accrues is governed by federal law. Alexander v. Oklahoma, 382 F.3d 1206, 1215 (10th Cir. 1004). "A civil rights action [under Section 1983] accrues when facts that would support a cause of action are or should be apparent." Fratus v. Deland, 49 F.3d 673, 675 (10th Cir. 1995) (internal quotation marks omitted).

3

The question is "whether the plaintiff knew of facts that would put a reasonable person on notice that wrongful conduct caused the harm." Alexander, 382 F.3d at 1216.

Here, as the district court correctly concluded, Jackson knew of facts that would support a cause of action—i.e., that his next parole reconsideration hearing was more than twelve months away—at least by 2000, when he did not receive a hearing twelve months after his 1999 hearing. Jackson's cause of action thus accrued no later than 2000, substantially more than two years prior to his March 17, 2011 commencement of this suit.

The district court correctly rejected Jackson's claim that each successive denial of a parole reconsideration hearing was a new injury, such that his suit was timely in relation to the PPB's failure to give him a hearing in July 2009 or July 2010. See Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261-62 (11th Cir. 2003) ("Each time [a prisoner's] parole reconsideration hearing is set, it does not amount to a distinct and separate injury. Rather, [the injury], to the extent it ever existed, was when the [state] Parole Board applied its new policy . . . . The successive denials of parole do not involve separate factual predicates and therefore do not warrant separate statute-of-limitations calculations.").

The district court also correctly rejected Jackson's claim that the statute of limitations was tolled while he exhausted administrative remedies. Before the district court, Jackson argued only that his suit was timely in relation to the denial of what he called his "petition for proceeding in mandamus" filed in Oklahoma state court. Jackson referred to a February 25, 2011, order of the Oklahoma Supreme Court denying his

petition for certiorari in Case No. 107,858. According to the record, Case No. 107,858 originated as a 2009 petition by Jackson, in the Oklahoma County District Court, challenging, among other things, the fact that he did not receive a parole consideration hearing in 2006 but rather was scheduled for parole reconsideration in July 2008. This petition was related to a May 17, 2006 letter that Jackson sent to the PPB challenging the July 2008 hearing date. As discussed above, Jackson's cause of action accrued no later than 2000, when he became aware that he did not receive an annual parole reconsideration hearing. Accepting arguendo that Jackson's May 2006 challenge to his July 2008 hearing date would have tolled the statute of limitations had it still been running, the two-year statute of limitations had already run in 2002, long before Jackson's May 2006 letter.

Because Jackson's Section 1983 action accrued in 2000, and because nothing in the record operated to toll the operative two-year statute of limitations, the district court correctly dismissed Jackson's claim as time-barred.[1] We do not reach the question of

---

[1] Jackson argues that his claims are not time-barred because in his complaint he also "invoked jurisdiction under 28 U.S.C. § 1651," which authorizes federal courts to issue all writs necessary in aid of their jurisdiction. However, "Section 1651(a) does not operate to confer jurisdiction; ancillary jurisdiction is provided where jurisdiction is otherwise already lodged in the court." Commercial Sec. Bank v. Walker Bank & Trust Co., 456 F.2d 1352, 1355, (10th Cir. 1972). Construing Jackson's pro se pleadings liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), we assume Jackson claims to have sought a writ of mandamus compelling the Oklahoma Pardon and Parole Board to give him a parole consideration hearing twelve months after his 2005 hearing. Federal courts have no power to issue writs of mandamus to state officers. See 28 U.S.C. § 1361; Amisub (PSL), Inc. v. Colo. Dept. of Soc. Servs., 879 F.2d 789, 790 (10th Cir. 1989)

Continued . . .

5

whether his complaint was otherwise adequate to state a claim.

### III.  CONCLUSION

For the foregoing reasons we AFFIRM the judgment of the district court.  We DENY as moot Jackson's Request for Appointment of Counsel (Request for appointment of counsel, No. 11-5126, filed Nov. 25, 2011).  We decline to impose a strike against Jackson under 28 U.S.C. § 1915(g) for his unsuccessful pursuit of this appeal.  Finally, we remind Jackson that, although the district court granted him permission to pursue his appeal in forma pauperis, see 28 U.S.C. § 1915, he remains obligated to make partial payments until the filing fees, both in the district court and in this court, are paid in full.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

---

("No relief against state officials or state agencies is afforded by § 1361.").  Section 1651, accordingly, does not create any separate basis of jurisdiction in this case, nor alter the fact that the statute of limitations on a Section 1983 action in Oklahoma is two years.