**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 2, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

THOMAS EARL FAINE,

      Petitioner - Appellant,

v.

JUSTIN JONES, DIRECTOR,

      Respondent - Appellee.

No. 12-6172
(D.C. No. 5:11-CV-01470-C)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**[*]

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

Proceeding pro se,[1] Thomas Earl Faine—a prisoner in the State of

Oklahoma's custody—seeks a certificate of appealability ("COA") to appeal from

the district court's denial of his petition for habeas corpus under 28 U.S.C.

§ 2241. Additionally, Mr. Faine has renewed his motion, that the district court

previously denied, to proceed on appeal *in forma pauperis* ("IFP"). Having

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] Because Mr. Faine is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis*, 596 F.3d 1198, 1201 n. 2 (10th Cir. 2010).

thoroughly reviewed the relevant law and the record, we **deny** Mr. Faine's request

for a COA, **deny** Mr. Faine's request to proceed IFP, and **dismiss** this matter.

**I**

In 1987, Mr. Faine was sentenced to sixty years' imprisonment for armed

robbery. Ten years later, "the Oklahoma legislature enacted the Truth in

Sentencing Act." *Powell v. Ray*, 301 F.3d 1200, 1202 (10th Cir. 2002). The Act

"increased the length of time between parole consideration hearings for those

convicted of violent crimes from every twelve months to every three years."

*Jackson v. Standifird*, 463 F. App'x 736, 737 (10th Cir. 2012); *see* Okla. Stat.

Ann. tit. 57, § 332.7.

Mr. Faine filed the instant petition in the district court on December 12,

2011, asserting that the 1997 amendments and their application to his sentence

violated the Ex Post Facto Clause of the United States Constitution.[2] The district

---

[2]     We pause to highlight that Mr. Faine's petition is in fact properly viewed as one brought under § 2241 because he is attacking the execution of his sentence. That is, he is contesting the purported adverse effect that the 1997 amendments to Oklahoma's parole review procedures has had on the duration of his confinement. Specifically, he is asserting that these statutory changes delayed any potential early release that would have otherwise been available to him based on his original sentence. As we have previously explained, "[a] petition under . . . § 2241 attacks the execution of a sentence rather than its validity." *Licon v. Ledezma*, 638 F.3d 1303, 1311 (10th Cir. 2011) (quoting *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)) (internal quotation marks omitted). And thus where a petitioner "attacks the execution of his sentence as it affects the fact or duration of his confinement[,] . . . [s]uch an attack, . . . seems to fit . . . under the rubric of § 2241." *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).

(continued...)

court ordered a response from the Oklahoma Attorney General. Instead, the General Counsel's office of the Oklahoma Department of Corrections ("ODC") responded on behalf of Respondent Justin Jones, the ODC's Director. Director Jones's response came in the form of a motion to dismiss Mr. Faine's petition. The district court subsequently granted Director Jones's motion to dismiss, finding that: (1) it was "undisputed that [Mr. Faine] ha[d] not pursued any state judicial remedy to challenge the application of these laws to him," R. at 100 (Order, filed June 22, 2012), and (2) Mr. Faine "failed to file his petition within the statutory [limitations] period" that "expired no later than December 2002," *id.* at 101. The district court then entered an order denying Mr. Faine a COA and also denying his motion to proceed on appeal IFP.

## II

Mr. Faine now seeks a COA from our court. As most pertinent to this claim for relief, Mr. Faine argues that: (1) "[t]he Attorney General's Office failed to properly seek the courts [sic] permission to withdraw . . . [and] to allow for [the] General Counsel's Office to make a proper entry of appearance, [and] therefore defaulted these proceedings at the onset," Aplt. Opening Br. at 5; *see id.*

---

[2](...continued)
Notwithstanding Mr. Faine's conclusory assertions to the contrary, there is no suggestion in the record that the district court misunderstood these principles and, more specifically, that it "misconstrued [Mr. Faine's] complaint as an attack on his [c]onviction or the validity of the conviction." Aplt. Opening Br. at 3.

at 5–7; (2) the district court "erred in its [r]ecitation or understanding [of] the facts" because he had exhausted his claims through the administrative process and exhaustion in state court would have been futile, *id.* at 7–9; and (3) the district court erred or abused its discretion by not recognizing the unconstitutionality of the 1997 amendments, *see id.* at 10–13.

## A

"[A] state prisoner must obtain a COA to appeal the denial of a habeas petition, whether such petition was filed pursuant to § 2254 or § 2241, whenever the detention complained of . . . arises out of process issued by a State court." *Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005) (quoting *Montez*, 208 F.3d at 867) (internal quotation marks omitted); *see* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). We will not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *accord Harris v. Dinwiddie*, 642 F.3d 902, 906 (10th Cir. 2011). An applicant makes such a showing by "demonstrat[ing] 'that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Harris*, 642 F.3d at 906 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

When the district court denies an application on procedural grounds, "the applicant faces a double hurdle." *Coppage v. McKune*, 534 F.3d 1279, 1281 (10th

-4-

Cir. 2008). To succeed in such a situation, "the applicant [must] make a substantial showing of the denial of a constitutional right, [and] he must also show 'that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling.'" *Id.* (quoting *Slack*, 529 U.S. at 484). Yet, in the instance of a procedural bar, the Supreme Court has recognized that where "the district court is correct to invoke [a procedural bar] to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484; *see Davis*, 425 F.3d at 834.

**B**

We have carefully reviewed Mr. Faine's petition, the district court's order, and the record before us under the COA framework that the Supreme Court has established, most notably in *Miller-El* and *Slack*. Based upon this review, we conclude that Mr. Faine is not entitled to a COA on any of his claims. In particular, we highlight a few points. First, Mr. Faine has not shown that the district court was incorrect in finding that his claims were unexhausted in state court. His conclusory assertions that a petition under Oklahoma's habeas statute would have been futile and that the statute is not an adequate state remedy are not enough.[3] Nor has Mr. Faine shown that the court erred in finding that his petition

---

[3]    Indeed, the Oklahoma habeas statute on its face seemingly would
(continued...)

-5-

was time-barred. In other words, he has not shown that "jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling[s]." *Coppage*, 534 F.3d at 1281 (quoting *Slack*, 529 U.S. at 484) (internal quotation marks omitted). Therefore, without meaningfully calling into question the district court's exhaustion and limitations rulings, Mr. Faine has not even begun to carry his burden to attain COA relief.

Furthermore, we are not convinced by Mr. Faine's contention that the district court erred by allowing the General Counsel's office of the ODC to respond on behalf of Director Jones, when the district court had directed the Oklahoma Attorney General to respond. Mr. Faine has done virtually nothing to advance his cause, and we are hard-pressed on this record to conclude that the district court erred in allowing the General Counsel's office to respond on behalf of Director Jones and to serve as his counsel. Notably, Mr. Faine points to no authority that gives him the right or power to enforce the district court's order seeking a response from the Attorney General, nor any authority that gives him

---

[3](...continued)
have provided a potential avenue for relief for Mr. Faine: "Every person restrained of his liberty, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered therefrom when illegal." Okla. Stat. tit. 12, § 1331; *cf. Crank v. Jenks*, 224 F. App'x 838, 839 (10th Cir. 2007) (concluding that a petitioner challenging the constitutionality of Oklahoma's Truth in Sentencing Act similarly failed to exhaust his state court remedies and that he could have filed a habeas petition pursuant to section 1331).

the right or power to challenge Director Jones's choice of counsel.  Moreover, Director Jones's attorney (i.e., the General Counsel's office) properly entered an appearance and then undertook (consistent with the substance of the district court's order) to respond on behalf of Director Jones.  There is no indication that the district court viewed this as improper or that it sought to enforce its own order with regard to the precise identity of the counsel responding on behalf of Director Jones.  In short, we conclude that Mr. Faine utterly failed to establish his claim of procedural error relating to the representation of the General Counsel's office.  Accordingly, there is no possible basis for COA relief on this contention.

Finally, as for Mr. Faine's motion to proceed IFP, we agree with the district court that he has not demonstrated "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (quoting *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997)) (internal quotation marks omitted).  Consequently, a grant of IFP relief would be inappropriate.

## III

For the foregoing reasons, we **deny** Mr. Faine's request for a COA, **deny** his motion to proceed IFP, and **dismiss** this matter.

Entered for the Court

JEROME A. HOLMES
Circuit Judge