**William A. MAUNZ, Petitioner–Appellant,**

**v.**

**SAN CARLOS CORRECTIONAL FACILITY; Laurie Tafoya, Sued as L. Tafoya; Colorado Department of Corrections, Respondents–Appellees.**

**No. 16–1074**

United States Court of Appeals, Tenth Circuit.

Filed July 11, 2016

William A. Maunz, San Carlos Correctional Facility, Pueblo, CO, for Petitioner–Appellant

Kathryn A. Starnella, Esq., Office of the Attorney General for the State of Colorado, Denver, CO, for Respondents–Appellees

Before KELLY, HOLMES, and MORITZ, Circuit Judges.

### ORDER DENYING CERTIFICATE OF APPEALABILITY *

Jerome A. Holmes, Circuit Judge

William A. Maunz, a state prisoner proceeding pro se,[1] seeks a certificate of ap-

---

* This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

1. Because Mr. Maunz appears pro se, we construe his filings liberally, *see, e.g., Garza v.*

pealability ("COA") to challenge the district court's dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2241. In addition, Mr. Maunz moves to proceed *in forma pauperis* ("IFP"). Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we conclude that Mr. Maunz has not made the required showing for a COA, and that he has not presented a reasoned, nonfrivolous argument on appeal. Accordingly, we **deny** his application for a COA, **deny** his motion to proceed IFP, and **dismiss** this matter.

## I

### A

A Colorado state jury·found Mr. Maunz guilty of second degree burglary and third degree criminal trespass. He was sentenced to five years' imprisonment.

On September 21, 2015, Mr. Maunz filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District· of Colorado; he amended the petition on December 2, 2015. Mr. Maunz primarily challenged a decision to revoke his parole.

On December 3, 2015, a magistrate judge ordered Respondents to file a preliminary response addressing, *inter alia*, exhaustion of state-court remedies. On January 7, 2016, Respondents filed a preliminary response arguing that Mr. Maunz had failed to exhaust state-court remedies. Mr. Maunz did not file a reply. Instead, on February 25, 2016, he filed a motion for an extension of time pending a final ruling on a Rule 35(b) motion that he had filed in the Denver District Court, seeking to enjoin the revocation of his parole.

On March 1, 2016, the district court concluded that Mr. Maunz was not entitled to habeas relief. More specifically, the court concluded that Mr. Maunz's claims were procedurally barred because he had failed to exhaust state-court remedies. In reaching this conclusion, the court noted that Mr. Maunz's motion for an extension of time supported its conclusion that he had not yet exhausted state-court remedies. Accordingly, the court denied Mr. Maunz's motion for an extension of time, dismissed the action, and denied a COA. The court entered judgment against Mr. Maunz that day.[2]

### B

Mr. Maunz filed a pro se combined opening brief and application for a COA on May 23, 2016. He challenges the revocation of his parole.[3] Regarding the exhaustion issue, he asserts only that he is "not in

---

*Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), but we do not craft arguments or otherwise advocate for him, *see Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

2. Mr. Maunz subsequently filed a motion to reconsider, but the district court denied the motion.

3. In part, Mr. Maunz seems to aver that some criminal conviction (not identified with specificity) affected his right to parole. We construe this averment as being part and parcel of his claim—pursuant to § 2241—that his parole was erroneously revoked. However, to the extent that Mr. Maunz raises a standalone challenge to an underlying conviction, § 2241 is not the appropriate vehicle to do it. *See, e.g., McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 habeas and § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence[.]" (citations omitted)); *accord Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *see also Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) ("[I]t is difficult to tell whether the instant action is properly brought under § 2254 as a challenge to the validity of Montez's conviction and sentence or pursuant to § 2241 as an attack on.the execution of his sentence.").

control as to how soon they answer previous motions to exhaust state remedies which in his case is the Supreme Court of Colo[rado]." Aplt.'s Combined Opening Br. at 2. Mr. Maunz also filed a motion for leave to proceed IFP.

## II

A COA is a jurisdictional prerequisite to our adjudication of the merits of an appeal from the district court's denial of a petition under 28 U.S.C. § 2241. *See* 28 U.S.C. § 2253(c)(1)(A); *Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005) ("[A] state prisoner must obtain a COA to appeal the denial of a habeas petition, whether such petition was filed pursuant to § 2254 or § 2241, whenever 'the detention complained of [in the petition] arises out of process issued by a State court.'" (second alteration in original) (quoting *Montez*, 208 F.3d at 867)); *see also Gonzalez v. Thaler*, ─ U.S. ─, 132 S.Ct. 641, 649, 181 L.Ed.2d 619 (2012) (citing the "'clear' jurisdictional language ... in § 2253(c)(1)"). We will not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right." *Harris v. Dinwiddie*, 642 F.3d 902, 906 (10th Cir. 2011) (quoting 28 U.S.C. § 2253(c)(2)).

An applicant "satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *accord Dulworth v. Jones*, 496 F.3d 1133, 1136–37 (10th Cir. 2007). In addition, and as relevant here,

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that

jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Harris*, 642 F.3d at 906 (emphasis added) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)); *see Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008) ("If the application was denied on procedural grounds, the applicant faces a double hurdle."). In cases where the procedural grounds relate to exhaustion, "[a] state prisoner bears the burden of showing he has exhausted available state remedies." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995); *accord Montez*, 208 F.3d at 866; *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981) (per curiam).

This threshold determination of whether a COA should issue "does not require full consideration of the factual or legal bases adduced in support of the claims"—"[i]n fact, the statute forbids it." *Miller–El*, 537 U.S. at 336, 123 S.Ct. 1029. Instead, the statute "requires an overview of the claims in the habeas petition and a general assessment of their merits"; specifically, we must "look to the District Court's application of AEDPA to petitioner's constitutional claims and ask whether that resolution was debatable amongst jurists of reason." *Id.*; *see also Dockins v. Hines*, 374 F.3d 935, 937 (10th Cir. 2004) (noting that the Supreme Court has made "clear" that "our COA decision is to be based on a review of the district court's application of AEDPA"). In accord with *Miller–El*, this court has emphasized "that in determining whether to issue a COA, a 'full consideration of the factual or legal bases adduced in support of the claims' is not required." *United States v. Moya*, 676 F.3d 1211,

**400**

1213 (10th Cir. 2012) (quoting *Miller–El*, 537 U.S. at 336, 123 S.Ct. 1029).

We deny Mr. Maunz's application for a COA. Pursuant to the analytical framework that the Supreme Court has established, we have reviewed Mr. Maunz's appellate brief and the record. Based on our review, which includes a "general assessment of the[ ] merits" of Mr. Maunz's stated grounds for relief, *Miller–El*, 537 U.S. at 336, 123 S.Ct. 1029, we conclude that reasonable jurists would not debate the correctness of the district court's decision dismissing his claims on procedural grounds—namely, for failure to exhaust state-court remedies. Mr. Maunz has failed to provide any argument that the district court erred in dismissing his claims; to the contrary, his averments both in the district court and before us corroborate the district court's conclusion that he failed to exhaust state-court remedies. For these reasons, we deny Mr. Maunz a COA.

In addition, we deny Mr. Maunz's motion to proceed IFP in this appeal. Based on the foregoing, we conclude that his combined opening brief presents no "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (quoting *McIntosh*, 115 F.3d at 812); *accord Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Thus, we deny Mr. Maunz's motion to proceed IFP.

### III

In sum, we **DENY** Mr. Maunz's request for a COA, **DENY** his motion to proceed IFP, and **DISMISS** the matter.