**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**October 7, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

NICOIS MEGALE SMITH,

     Defendant - Appellant.

No. 24-6163
(D.C. Nos. 5:24-CV-00646-HE and
5:23-CR-00342-HE-2)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **BACHARACH**, **McHUGH**, and **FEDERICO**, Circuit Judges.
_____

On June 12, 2024, Defendant Nicois Megale Smith was convicted by a jury in the United States District Court for the Western District of Oklahoma of one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). *See United States v. Smith*, No. 5:23-cr-00342-HE-2 (W.D. Okla.). Smith has yet to be sentenced and, as such, judgment has not been entered in his underlying criminal case.

---

    * This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Nonetheless, on June 24, 2024, Smith filed a 28 U.S.C. § 2255 petition to vacate his conviction. The district court dismissed the petition without prejudice as premature. Smith now appeals the dismissal of his § 2255 petition.

A petitioner may not appeal the denial of habeas relief under § 2255 without a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). We can grant a certificate of appealability only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For constitutional claims denied on the merits, the movant must show "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For claims denied on the basis of a procedural ruling, the movant must show that reasonable jurists could debate the validity of the underlying constitutional claim and the correctness of the district court's procedural ruling. *Id.* A claim dismissed as premature reflects a failure to exhaust and is, therefore, dismissed on procedural grounds. *See, e.g.*, Maunz v. San Carlos Corr. Facility, 656 F. App'x 397, 399 (10th Cir. 2016).

Reasonable jurists could not debate the correctness of the district court's procedural ruling. A § 2255 motion is premature if filed before the petitioner exhausts their direct criminal appeal, which cannot occur until after sentencing and the entry of final judgment in their underlying criminal case. *United States v. Vilar*, 645 F.3d 543, 546 (2d Cir. 2011). Smith has not yet been

sentenced, let alone exhausted a direct appeal; therefore, his § 2255 motion is premature and was properly dismissed on procedural grounds for a failure to exhaust.

Accordingly, we deny Smith a certificate of appealability, deny his request to proceed in forma pauperis under 28 U.S.C. § 1915(g) on appeal, deny all other outstanding motions as moot, and dismiss the appeal.

APPEAL DISMISSED.

Entered for the Court

Richard E.N. Federico
Circuit Judge