**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 28, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

HERMAN TRACY CLARK,

    Plaintiff - Appellant,

v.

MARY FALLIN, Governor for the State of
Oklahoma; ROBERT BRETT MACY,
Oklahoma Pardon and Parole Board;
PATRICIA HIGH, Pardon and Parole
Board; VANESSA PRICE, Pardon and
Parole Board; TOM GILLERT, Pardon and
Parole Board,

    Defendants - Appellees.

No. 16-6109
(D.C. No. 5:15-CV-00908-C)
(W.D. Oklahoma)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **GORSUCH**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

Herman Tracy Clark, a prisoner currently in state custody and proceeding pro se,

appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint, in which he

alleges Oklahoma's parole system violates the Constitution's Ex Post Facto Clause and

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

infringes on his due process and First Amendment rights. A magistrate judge screened Mr. Clark's complaint pursuant to § 1915A of the Prison Litigation Reform Act (PLRA) and entered a recommendation of dismissal for failure to state a claim, which the district court adopted in full. We affirm.

## I. BACKGROUND

Mr. Clark's § 1983 complaint arises from the State of Oklahoma's denial of his application for parole in March 2015.[1] In his Amended Complaint, Mr. Clark named Oklahoma Governor Mary Fallin and Oklahoma Pardon and Parole Board Members Robert Macy, Patricia High, Vanessa Price, and Tom Gillert, claiming Oklahoma's 1997 Truth in Sentencing Act violates the Constitution's Ex Post Facto Clause because it decreases the frequency of parole reconsideration hearings for certain inmates from one year to three years. Mr. Clark also claimed the defendants summarily considered his application and denied an in-person hearing in violation of his due-process and First Amendment rights. He later supplemented these arguments in a motion titled "Memo Under PLRA Requiring Magistrate Judge to Determine Merits of Complaint."

Pursuant to 28 U.S.C. § 636(b)(1)(B), the district court referred the matter to a magistrate judge, who screened Mr. Clark's complaint in accordance with 28 U.S.C. §§ 1915 and 1915A.[2] In reviewing the complaint, the magistrate judge distilled four

---

[1] Mr. Clark served twenty-five years in federal prison for crimes stemming from a robbery and homicide. He was then transferred to state custody, where he is currently serving a life sentence in connection with state charges arising from the same incidents.

[2] Under § 1915, which provides procedures for proceedings in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action

2

separate claims, noting Mr. Clark asserted (1) an Ex Post Facto Clause violation, (2) a due- process violation, (3) a First Amendment violation, and (4) a conspiracy claim. Ultimately, the magistrate judge concluded Mr. Clark failed to state an underlying constitutional claim and, accordingly, his conspiracy claim also failed. The judge therefore recommended dismissal with prejudice, noting that amendment of the complaint would be futile.

Mr. Clark filed an objection to the magistrate judge's recommendation, raising largely the same arguments he did in his Amended Complaint. He also requested that the court permit him to amend his complaint "to meet the propositions expounded in [his] objection." Pursuant to 28 U.S.C. § 636(b)(1), the district court conducted a de novo review of the issues raised by Mr. Clark and concluded Mr. Clark merely "restate[d] the legal conclusions contained in his Amended Complaint." Accordingly, the district court adopted the magistrate judge's Report and Recommendation in its entirety. Mr. Clark then filed a motion to amend judgment pursuant to Rule 59(e), again requesting leave to amend his complaint. The district court denied that motion, noting it had already dismissed Mr. Clark's Amended Complaint with prejudice and found that amendment would be futile. Mr. Clark timely appealed.

---

or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Under § 1915A, the court is required to screen inmates' § 1983 complaints and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b).

On appeal, Mr. Clark challenges only the district court's dismissal of his Ex Post Facto Clause and due-process claims.[3] He also argues the district court failed to liberally construe his complaint and that its denial of his request for leave to amend was made in error. Mr. Clark also requests leave to proceed in forma pauperis (IFP) on appeal, as the district court concluded his appeal would not be taken in good faith and denied the motion below. We affirm each of the district court's rulings in full and deny Mr. Clark's request to proceed IFP.

### A. *Mr. Clark's Ex Post Facto Clause and Due-Process Claims*

We review de novo a district court's decision to dismiss an IFP complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). And although we construe Mr. Clark's pro se pleadings liberally, "our role is not to act as his advocate." *Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009). "[P]ro se parties [must] follow the same rules of procedure that govern other litigants." *Kay*, 500 F.3d at 1218 (internal quotation marks omitted).[4] "We apply the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim." *Id*. at 1217. That is, to determine

---

[3] Mr. Clark does cite to the First Amendment in his briefing, but he fails to make even a cursory argument that the district court erroneously dismissed his First Amendment claim. Accordingly, we do not consider this claim. *See United States v. Fisher*, 805 F.3d 982, 991 (10th Cir. 2015) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief." (internal quotation marks omitted)).

[4] As noted above, Mr. Clark contends the district court failed to liberally construe his pleadings. We disagree. The district court generously distilled several claims from Mr. Clark's pleadings that were less than artfully articulated.

4

whether Mr. Clark has sufficiently stated his claims, we accept as true the well-pleaded factual allegations and consider whether he has provided "enough facts to state a claim to relief that is plausible on its face." *See Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

Because Mr. Clark is bringing his claims pursuant to § 1983, his Amended Complaint "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). It must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). And courts "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

## 1. Ex Post Facto Clause

Mr. Clark's first claim, liberally construed, is that the changes to Oklahoma's parole system effected through the 1997 Truth in Sentencing Act violate the Constitution's Ex Post Facto Clause. Because Mr. Clark fails to demonstrate how these changes led to a risk of increased punishment in light of his specific sentence and crimes, the district court properly dismissed his claim. "[T]he controlling inquiry" in evaluating an inmate's Ex Post Facto Clause claim "is not whether the law is retroactive, but 'whether it produces a sufficient risk of increasing the measure of punishment attached to the covered crimes.'" *Henderson v. Scott*, 260 F.3d 1213,

5

1216 (10th Cir. 2001) (quoting *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 509 (1995)). This risk may be apparent facially, or the inmate may demonstrate the increased risk as applied to his particular circumstances. *Id*. at 1216–18.

Because our *Henderson* decision forecloses Mr. Clark's facial challenge, *see id*. at 1216–17, Mr. Clark "must demonstrate, by evidence drawn from the rule's practical implementation, that its retroactive application will result in a longer period of incarceration than under the earlier rule." *Id*. at 1216 (citation, internal quotation marks, and alterations omitted). In his Amended Complaint and other supplemental filings, Mr. Clark fails to shoulder this burden. As the magistrate judge noted, "aside from a conclusory reference to his age, [Mr. Clark] fails to offer any reasonable argument he faces a significant risk of longer incarceration." In adopting the magistrate judge's recommendation, the district court therefore properly dismissed Mr. Clark's Ex Post Facto Clause claim.

## 2. Due Process

Mr. Clark repeats in various forms throughout his briefing that the Board's and Governor Fallin's denial of parole, as well as the *process* by which they denied him parole, violated his right to due process under the Fifth and Fourteenth Amendments. But as the magistrate judge's recommendation correctly recognized, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). "A state may . . . establish a parole system, but it has no duty to do so." *Id*. If a state does establish a parole system, it is possible for

6

the state's statutes to create a liberty interest that would be protected by the Constitution's guarantee of due process. *See id*. at 12. Oklahoma has not, however, created such a system, and we have repeatedly concluded that a state does not create a liberty interest in parole protectable by due process when its parole system is discretionary. *See, e.g.*, *Boutwell v. Keating*, 399 F.3d 1203, 1213–15 (10th Cir. 2005).

Mr. Clark's contention that Oklahoma's parole system creates such an interest is misguided, and the cases to which he cites have either been overruled or stand for the opposite position than the one he asserts. The district court therefore properly concluded Mr. Clark failed to state a due process claim.

### B.   *Motion to Amend, Motion to Proceed IFP on Appeal, Payment of Fees, and PLRA Strike*

We also conclude the district court did not abuse its discretion in denying Mr. Clark leave to amend his complaint. "[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). And "we will not reverse the court's decision absent an abuse of discretion." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotation marks omitted). Because the additional allegations in Mr. Clark's supplemental memorandum and other motions fail to cure the deficiencies in his Amended Complaint, amendment would have been futile, and dismissal was warranted. *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999) ("A proposed

7

amendment is futile if the complaint, as amended, would be subject to dismissal."). We therefore affirm the district court's denial of the motion to amend.

We also deny Mr. Clark's motion to proceed IFP on appeal. To qualify for IFP status, a petitioner must demonstrate the appeal is taken in good faith—meaning there exists a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997); 28 U.S.C. § 1915(a)(3). The district court determined Mr. Clark's appeal was not taken in good faith and denied his request to proceed IFP on appeal. We also deny his renewed request to proceed IFP on appeal because, as our analysis above demonstrates, Mr. Clark failed to raise a "reasoned, nonfrivolous argument" in support of his claims. And having denied his request, we remind Mr. Clark that he remains obligated to pay the full filing fee, as previously advised by the district court in its order dated May 6, 2016.

Because Mr. Clark's complaint fails to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), we impose one "strike" against Mr. Clark under the PLRA, *id*. § 1915(g), and it is counted as such immediately. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015) ("A prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal."). And we impose a second strike against Mr. Clark because of the frivolity of his appeal. *Jennings v. Natrona Cty. Det. Ctr.*, 175 F.3d 775, 780–81 (10th Cir.1999), *overruled on other grounds by Coleman*, 135 S. Ct. at 1763.

## III. CONCLUSION

Because Mr. Clark fails to state an Ex Post Facto Clause or due-process claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), we AFFIRM the district court's dismissal. We also AFFIRM the district court's denial of Mr. Clark's motion to amend and impose two strikes against Mr. Clark pursuant to 28 U.S.C. § 1915(g). Mr. Clark's request to proceed IFP on appeal is also DENIED, and Mr. Clark is accordingly reminded of his obligation to pay the filing fee in full, pursuant to the district court's order.

Entered for the Court

Carolyn B. McHugh
Circuit Judge