**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**January 14, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

HERMAN TRACY CLARK,

    Plaintiff - Appellant,

v.

OKLAHOMA PARDON AND PAROLE
BOARD; TOM BATES, Executive
Director; C. ALLEN MCCALL, J.D.
Member; LARRY MORRIS, Member;
KELLY DOYLE, Member; ROBERT
GILLILAND, J.D. Member; ADAM
LUCK, Member,

    Defendants - Appellees.

No. 21-6079
(D.C. No. 5:20-CV-00981-C)
(W.D. Okla.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **MATHESON**, **BALDOCK**, and **PHILLIPS**, Circuit Judges.

_____

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Herman Tracy Clark, an Oklahoma inmate proceeding pro se, appeals from the district court's dismissal of his 42 U.S.C. § 1983 action.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.[1]

## BACKGROUND

In 1975, Clark pleaded nolo contendere in federal court to bank robbery under 18 U.S.C. § 2113(a), (d), and (e) and was sentenced to life imprisonment.  That same year, and in connection with the same underlying events, he was convicted in state court of first-degree murder under Okla. Stat. Ann. tit. 21, § 701.1 and was sentenced to death.  The Oklahoma Court of Criminal Appeals affirmed Clark's murder conviction but modified his sentence to life imprisonment.

After serving twenty-five years in federal prison, Clark was transferred to state custody.  He was considered for parole by the Oklahoma Pardon and Parole Board (PPB) in March 2015 and March 2018 but was denied both times.  Effective November 1, 2018, the Oklahoma legislature amended Okla. Stat. Ann. tit. 57, § 571(2), which lists violent offenses for which the PPB has the authority only to recommend parole and not to grant it outright, *see* Okla. Const. art. VI, § 10. Section 571(2)(i) specifies that "murder in the first degree" is a violent offense for parole purposes.  But the 2018 amendments added the phrase "as provided for in

---

[1] Although Clark is under filing restrictions in this court, those restrictions do not apply to this appeal because he is not "collaterally attacking [his] 1975 Oklahoma murder conviction." *Clark v. Braggs*, 782 F. App'x 741, 742 (10th Cir. 2019) (internal quotation marks omitted).

Section 701.7 of Title 21 of the Oklahoma Statutes" to § 571(2)(i). 2018 Okla. Sess. Law Serv. ch. 117, § 4 (West). Clark's statute of conviction – § 701.1 – was repealed in 1976 and replaced with § 701.7. *See Selsor v. Workman*, 644 F.3d 984, 993 (10th Cir. 2011). Because of the change to § 571(2)(i), Clark asserted that his conviction no longer qualified as a violent offense and that he, therefore, was eligible to be granted parole outright by the PPB, *see* Okla. Const. art. VI, § 10, and to have his parole reconsidered annually, *see* Okla. Admin. Code § 515:25-11-1(a). The PPB allegedly concluded that Clark remained convicted of a violent offense and, thus, was eligible only for parole recommendation, *see* Okla. Const. art. VI, § 10, and reconsideration every three years, *see* Okla. Admin. Code § 515:25-11-1(b)(2).[2]

In September 2020, Clark filed a § 1983 action, alleging that the PPB violated his due process and equal protection rights under the Fourteenth Amendment by refusing to treat his conviction as a nonviolent offense and reconsider him annually in light of the 2018 amendments. A magistrate judge screened the complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and recommended that the district court dismiss the complaint under § 1915A(b)(1) for failure to state a claim upon which relief may be granted. The magistrate judge found Clark's due process claim insufficient because: (1) "Oklahoma's parole scheme is discretionary," and he thus

---

[2] Clark has attached to his brief correspondence with his parole investigator concerning the effect of the 2018 amendments. But these documents were not submitted to the district court, and we therefore do not consider them. *See Utah v. U.S. Dep't of Interior*, 535 F.3d 1184, 1195 n.7 (10th Cir. 2008) ("[N]ew evidence not submitted to the district court is not properly part of the record on appeal.").

"has no constitutionally protected due process liberty interest in parole"; and (2) without a due process interest in parole itself, the PPB's "application of its procedure does not violate his due process rights." R. at 14 (internal quotation marks omitted). The magistrate judge rejected Clark's equal protection claim on the grounds that: (1) the claim was "too conclusory" because he offered no supporting "factual allegations []or legal authority" and did not "identify any similarly-situated individual that ha[d] been given any different or more beneficial treatment"; and (2) "prisoners are neither a suspect class nor do they have a fundamental right to parole." *Id.* at 14-15 (internal quotation marks omitted). In April 2021, the district court adopted the magistrate judge's report and recommendation and dismissed the complaint.[3] Clark then filed a Federal Rule of Civil Procedure 59(e) motion to amend the judgment, which the court denied. This appeal followed.[4]

## DISCUSSION

We review de novo the district court's dismissal for failure to state a claim. *See McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir. 2001). To survive dismissal,

---

[3] The court initially adopted the report and recommendation based on the lack of objections. But it later received Clark's objections, which he had placed in the prison legal mail system prior to his deadline. The court therefore struck its previous order and entered a new order stating that it reviewed the matter de novo, considered Clark's objections, and found no error in the report and recommendation. Clark also moved the court to set aside its original order on the ground that his objections were timely. Having already done so, the court denied the motion as moot.

[4] The defendants were not served in the district court and do not appear on appeal, so we decide this matter solely on Clark's brief, the supplement to his brief, and the record on appeal.

"a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). In conducting our review, we accept well-pleaded factual allegations as true, view them in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir.), *cert. denied*, 142 S. Ct. 477 (2021). We also liberally construe a pro se plaintiff's complaint. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But we "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.* (internal quotation marks omitted).

Clark challenges the district court's conclusion that he failed to state a due process claim.[5] To state such a claim, he must show "a constitutionally cognizable liberty or property interest with which the state has interfered." *Steffey v. Orman*, 461 F.3d 1218, 1221 (10th Cir. 2006). It is well-settled, however, that "the protected interests are substantive rights, not rights to procedure." *Elliott v. Martinez*, 675 F.3d 1241, 1245 (10th Cir. 2012). This is because "[p]rocess is not an end in itself," but serves only "to protect a substantive interest to which the individual has a legitimate

---

[5] Clark also argues that the district court erred in rejecting his equal protection claim and that the PPB violated his Eighth Amendments rights. These arguments are too perfunctory to merit review. *See United States v. Wooten*, 377 F.3d 1134, 1145 (10th Cir. 2004). In any event, he raised neither his current equal-protection arguments nor an Eighth Amendment claim in district court, and he has not argued plain error on appeal, thus "mark[ing] the end of the road for" these claims. *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1131 (10th Cir. 2011).

claim of entitlement." *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983). "Thus, an entitlement to nothing but procedure cannot be the basis for a liberty or property interest." *Elliott*, 675 F.3d at 1245 (internal quotation marks omitted).

Clark does not claim a due process interest in parole itself. And settled precedent makes clear he has no such interest because Oklahoma has a discretionary parole system. *See Shirley v. Chestnut*, 603 F.2d 805, 806 (10th Cir. 1979) (per curiam); *Shabazz v. Keating*, 977 P.2d 1089, 1093 (Okla. 1999). *See generally Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 11 (1979) (noting "[t]hat the state holds out the *possibility* of parole provides no more than a mere hope" for liberty, which "is not protected by due process").

Instead, Clark claims a due process interest in certain parole procedures, particularly the timing of his consideration for parole. *See* R. at 7 (alleging he has a "property and/or liberty interest right to an annual eligibility for consideration"). But without a due process interest in parole itself, he has no due process interest in the underlying procedures.[6] This includes the frequency of his consideration for parole. *See Koch v. Daniels*, 296 F. App'x 621, 627-28 (10th Cir. 2008) (explaining that if an inmate "has no constitutionally-protected liberty interest in parole . . . , he can have no interest in how often he is considered for [it], or even whether he is considered for

---

[6] We previously explained as much to Clark. *See Clark v. Fallin*, 654 F. App'x 385, 388-89 (10th Cir. 2016) (rejecting his due process challenge not only to the denial of parole in 2015, but also to "the *process* by which" he was denied parole, because he lacked any "liberty interest in parole protectable by due process when [Oklahoma's] parole system is discretionary").

6

[it] at all.").[7]  And even though the parole procedures are, at least according to Clark, mandatory, he cannot show that the procedures, if followed, would result in his release from custody so as to create a due process interest.  *See Elwell v. Byers*, 699 F.3d 1208, 1214 (10th Cir. 2012) ("[W]hen state law creates a mandatory procedure but does not guarantee a particular substantive outcome, it does not confer a protected liberty interest."); *see also Teigen v. Renfrow*, 511 F.3d 1072, 1081 (10th Cir. 2007) ("Although detailed and extensive procedural requirements may be relevant as to whether a separate substantive property interest exists, the procedures cannot themselves constitute the property interest." (citation omitted)).

Accordingly, because Clark did not show a constitutionally protected liberty or property interest, the district court properly concluded that he failed to state a due process claim.

## CONCLUSION

The district court's judgment is affirmed.  The district court's dismissal counts as a strike against Clark for purposes of § 1915(g), though we note that he already

---

[7] We cite *Koch* solely for its persuasive value.  *See* 10th Cir. R. 32.1(A).

has accumulated at least three strikes.[8]

                                    Entered for the Court


                                    Bobby R. Baldock
                                    Circuit Judge

---

[8] *See Fallin*, 654 F. App'x at 389 (affirming the dismissal of the complaint for failure to state a claim and concluding that the appeal was frivolous, thus resulting in two strikes); *Clark v. Oakley*, 560 F. App'x 804, 808-09 (10th Cir. 2014) (affirming the dismissal of the complaint for failure to state a claim, resulting in one strike).